UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2543 CAS (PJWx) | Date | July 6, 2009 |
|---|---|---|---|
| Title | TODD LEWITT v. CITY OF HERMOSA BEACH, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Corey Glave | Melanie Poturica | |

**Proceedings:** **DEFENDANTS CITY OF HERMOSA BEACH, HERMOSA BEACH POLICE DEPARTMENT, MICHAEL LAVIN, GREGORY SAVELLI, THOMAS ECKERT, THOMAS BOHLIN AND STEPHEN BURRELL'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** (filed 06/11/09)

## I.   INTRODUCTION

On March 13, 2009, plaintiff Todd Lewitt filed suit against defendants City of Hermosa Beach ("the City"); Hermosa Beach Police Department ("the Police Department"); Gregory Savelli; Thomas Bohlin; and Stephen Burrell in Los Angeles County Superior Court alleging claims for (1) writ of mandate pursuant to Cal. Code Civ. P. § 1085; (2) violations of the Public Safety Officers Procedural Bill of Rights Act ("POBR"), Cal. Govt. Code § 3300 *et. seq.*; (3) indemnification; and (4) violation of his First Amendment and Due Process rights pursuant to 42 U.S.C. § 1983.

On May 11, 2009, the Court granted in part and denied in part defendants the City, the Police Department, Burrell, Savelli, and Bohlin's motion to dismiss plaintiff's claims. The Court granted defendants' motion to dismiss plaintiff's second claim for violation of the POBR as to individual defendants because the POBR only applies to employers. The Court also granted defendants' motion to dismiss plaintiff's fourth claim for violation of 42 U.S.C. § 1983 because plaintiff failed to allege adverse employment action.

On June 1, 2009, plaintiff filed a first amended complaint ("FAC") against defendants the City, the Police Department, Michael Lavin, Gregory Savelli, Thomas Eckert, Bohlin, Burrell, Michael Earl, Charles Sandoval, and Does 1 to 20, alleging

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2543 CAS (PJWx) | Date | July 6, 2009 |
|---|---|---|---|
| Title | TODD LEWITT v. CITY OF HERMOSA BEACH, ET AL. | | |

claims for (1) writ of mandate pursuant to Cal. Code Civ. P. § 1085 against the City and the Police Department; (2) violations of the Public Safety Officers Procedural Bill of Rights Act ("POBR"), Cal. Govt. Code § 3300 *et. seq.* against the City and the Police Department; (3) indemnification against the City; and (4) violation of his First Amendment and Due Process rights pursuant to 42 U.S.C. § 1983 against all defendants.

On June 11, 2009, defendants Lavin, Savelli, Eckert, Bohlin, Burrell, the City, and the Police Department filed the instant motion to dismiss the FAC. On June 18, 2009, plaintiff filed his opposition. On June 29, 2009, defendants filed their reply. A hearing was held on July 6, 2009. After carefully considering the parties' arguments, the Court finds and concludes as follows.

**II.    BACKGROUND**

Plaintiff alleges that in 1998, he was hired by the City as a police officer. Compl. ¶ 3. Plaintiff further alleges that during the term of his employment, he made statements regarding purportedly wrongful actions by the City's management officials and brought suit against the City and others for violations of Cal. Govt. Code § 3300, *et seq.*, to "correct improper practices of the Police Department when investigating peace officers." FAC ¶ 12. Plaintiff alleges that in retaliation for speaking out against the City's management officials, he was terminated by defendants for false allegations of misconduct. FAC ¶ 14. Plaintiff further alleges that he appealed his termination to the Los Angeles County Civil Service Commission, which overturned the termination and reinstated him. FAC ¶¶ 14, 19. Plaintiff alleges that defendants have failed to provide him with "all the back pay and benefits to which he is entitled as a result of the determination that no discipline be imposed." FAC ¶ 22. Plaintiff further alleges that the City, through the chief of police and its attorneys, "openly stated in a letter and, later in deposition, that they did not want [plaintiff] to return due to comments he had made to the media about police management." FAC ¶ 24.

Moreover, plaintiff alleges that Eckert and Bohlin spread false rumors that he used steroids. FAC ¶ 25. Plaintiff further alleges that after the Los Angeles County Civil Service Commission reinstated him, defendants ordered plaintiff to undergo a complete and full background investigation that included medical examination, drug testing, psychological examination, and financial disclosure. FAC ¶ 26, 32. Plaintiff alleges that he appeared as ordered for his medical and drug testing, but refused to execute any

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2543 CAS (PJWx) | Date | July 6, 2009 |
|---|---|---|---|
| Title | TODD LEWITT v. CITY OF HERMOSA BEACH, ET AL. | | |

waivers regarding or releases of his medical records. FAC ¶ 31. In response, plaintiff alleges, defendants placed him on paid administrative leave and sought declaratory relief from the Superior Court for the County of Los Angeles as to whether he had to participate in the full background investigation. FAC ¶¶ 32-33. On October 31, 2008, the Superior Court denied defendants' request for declaratory relief with prejudice and held that plaintiff "has no duty to subject himself to further background investigation in order to be reinstated to his prior position and duties."[1] The Superior Court also awarded plaintiff his costs and held that plaintiff "may seek attorney fees through a properly filed motion."

Plaintiff alleges that defendants violated § 1983 by retaliating against him because he voiced his concerns regarding "wrongful actions of police management/supervision; the City Manager's traffic stop for driving under the influence of alcohol; the City's cover up of the City Manager's traffic stop for driving under the influence of alcohol; the City's cover up of the City Manager's traffic stop including the destruction of evidence and false statements to the public; retaliatory actions by police management against police employees, and [an] inquiry conducted by the Federal Bureau of Investigation into possible public corruption by City and Police Management." Id. at 18; FAC ¶¶ 80-83. Plaintiff further alleges that defendants have taken adverse employment action against him by (1) terminating his employment; (2) subjecting him to wrongful internal affairs investigations; (3) refusing to reinstate him to his position as a police officer; (4) spreading false rumors about him in the workplace; (5) denying him the opportunity to seek promotions, specialty assignments and overtime; (6) subjecting him to drug testing that was not required by the City's drug testing policy; and (7) subjecting him to a pre-employment background investigation in order to be reinstated when there is no basis in fact or law to do so. FAC ¶ 81. Additionally, plaintiff alleges that the City has a policy, custom, or practice of denying employees due process when they seek to challenge disciplinary actions. FAC ¶ 84.

**III.    LEGAL STANDARD**

---

[1] Under Fed. R. Evid. 201, a court may take judicial notice of "matters of public record." Mack v. South Bay Beer Distrib., 798 F.2d 1279, 1282 (9th Cir.1986). Accordingly, the Court takes judicial notice of City of Hermosa Beach v. Todd Lewitt, Case No. YC 055875, for purposes of defendants' motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2543 CAS (PJWx) | Date | July 6, 2009 |
|---|---|---|---|
| Title | TODD LEWITT v. CITY OF HERMOSA BEACH, ET AL. | | |

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2543 CAS (PJWx) | Date | July 6, 2009 |
|---|---|---|---|
| Title | TODD LEWITT v. CITY OF HERMOSA BEACH, ET AL. | | |

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV. DISCUSSION

### A. Plaintiff's Second Claim for violation of the POBR

Defendants argue that this claim should be dismissed as to defendants Burrell and Savelli because the POBR only applies to employers. Mot. at 5. Plaintiff concedes that he did not intend to bring this claim against the individual defendants. Therefore, the Court concludes that this claims should be dismissed as to the individual defendants.

### B. Plaintiff's Fourth Claim for violation of 42 U.S.C. § 1983

#### 1. The Individual Defendants

In order to state a claim against an individual pursuant to § 1983, a plaintiff must allege: "(1) a violation of rights protected by the federal Constitution or created by federal statutes or regulations, (2) proximately caused (3) by the conduct of a 'person' (4) who acted under color of [law]." Martin A. Schwartz, 1A Section 1983 Litigation Claims and Defenses § 1.04(A) (4th ed. 2007) (internal citations omitted).

Defendants argue that plaintiff's § 1983 claim against the individual defendants should be dismissed because plaintiff's allegations are conclusory and fail to establish proximate cause. Mot. at 9. Defendants argue that Burrell is only alleged to have approved of Savelli's decision to require plaintiff to submit to a background investigation and medical examination. Id. Defendants assert that Savelli is alleged to have (1) directed a police sergeant to contact POST to determine if plaintiff qualified for reinstatement; (2) conditioned plaintiff's reinstatement on successful completion of the background investigation and medical examination; and (3) concocted a story that plaintiff was taking steroids and was not mentally fit. Id. Defendants argue that it had the right to impose requirements for reinstatement and that Savelli's alleged story, even if

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2543 CAS (PJWx) | Date | July 6, 2009 |
|---|---|---|---|
| Title | TODD LEWITT v. CITY OF HERMOSA BEACH, ET AL. | | |

true, did not deprive plaintiff of his constitutional rights. Id. at 10 (citing Pitts v. County of Sacramento, 138 Cal. App. 4th 853 (2006); Sager v. County of Yuba, 156 Cal. App. 4th 1049 (2007)).

Defendants similarly argue that Eckert and Bohlin's alleged circulation of a false rumor concerning plaintiff's steroid use did not deprive plaintiff of his constitutional rights because Cal. Govt. Code § 1031 can reasonably be interpreted to require individuals to complete a background investigation and medical examination prior to reinstatement as a peace officer. Mot. at 10. Defendants further argue that the allegedly false rumor did not proximately cause plaintiff to be placed on administrative leave because it was not foreseeable that plaintiff would refuse to submit to a background investigation and medical examination. Id.

Defendants further argue that the individual defendants are entitled to qualified immunity. Mot. at 14. Defendants contend that plaintiff cannot show that he had a clearly established right to be reinstated to his police officer position without first passing a background investigation. Id. at 17. Defendants argue that the requirements for reinstated police officers was unclear under § 1031 and that plaintiff admits that POST recommended that reinstated police officer submit to an updated medical examination. Id. at 18-19. Defendants further contend that courts have held that a law enforcement agency may condition a peace officer's reinstatement on successful completion of a background investigation and/or medical examination. Id. at 19 (citing Pitts v. County of Sacramento, 138 Cal. App. 4th 853, 856-57 (2006); Sager v. County of Yuba, 156 Cal. App. 4th 1049, 1058-59 (2007)). Defendants argue that plaintiff was suspended for approximately a year and a half and it was reasonable for the City's officials to require that he pass a background investigation and medical examination to ensure that he still satisfied the minimum standards for employment as a peace officer. Id. at 20.

Moreover, defendants argue that in so far as plaintiff's § 1983 claim relates to the termination of his employment, it is time-barred. Mot. at 6. Defendants contend that the applicable statute of limitations for this action is California's statute of limitations for personal injury actions, which is two years, bars plaintiff's claim. Id. (citing Cal. Code Civ. P. § 335.1; Knox v. Davis, 260 F.3d 1009, 1012 (9th Cir. 2001)). Defendant argues that plaintiff's employment was terminated on November 7, 2005, and that plaintiff filed this suit on March 13, 2009, more than one year beyond the limitations period. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2543 CAS (PJWx) | Date | July 6, 2009 |
|---|---|---|---|
| Title | TODD LEWITT v. CITY OF HERMOSA BEACH, ET AL. | | |

  Plaintiff responds that he has alleged that "there was, at least, a causal link between his protected activities and the adverse job action." Opp'n at 14. Plaintiff contends that Savelli "implemented or supervised all retaliatory actions against him after he was ordered reinstated by the Civil Service Commission. Id. at 18. Plaintiff further contends that Bohlin's spreading of rumors "directly led to the decision to place Plaintiff on administrative leave so that he could be forced to undergo drug testing." Id. Plaintiff further argues that he has alleged that "each of the individually named defendants supervised and/or were actively involved in the incident(s) giving rise to the Complaint." Id.

  Plaintiff further responds that although he has no right to a government benefit, the government may not deny him benefits because of his constitutionally protected speech. Opp'n at 19. Plaintiff contends that he spoke out on matters of public concern, including "wrongful actions of police management/supervision; the City Manager's traffic stop for driving under the influence of alcohol; the City's cover up of the City Manager's traffic stop for driving under the influence of alcohol; the City's cover up of the City Manager's traffic stop including the destruction of evidence and false statements to the public; retaliatory actions by police management against police employees, and [an] inquiry conducted by the Federal Bureau of Investigation into possible public corruption by City and Police Management." Id. at 18. Plaintiff further contends that he brought suit against defendants for violations of Cal. Govt. Code § 3300 et seq., in order to correct improper practices of the Police Department when it investigates peace officers. Id. at 19.

  Plaintiff further argues that the statute of limitations should be equitably tolled as to his claim for termination of employment because he was pursuing his administrative remedies. Opp'n at 8 (citing Knag v. U Lim America, Inc., 296 F.3d 810, 819 (9th Cir. 2002); Cervantes v. City of San Diego, 5 F.3d 1273, 1276 (9th Cir. 1993)). Plaintiff further argues that Cal. Govt. Code § 1031 does not apply to reinstated employees. Id. at 10.

  Moreover, plaintiff argues that the individual defendants are not entitled to qualified immunity because he has proven that he had a right to be reinstated without passing a background investigation. Opp'n at 22-23. Plaintiff further argues that "the law requiring employees be given due process prior to any disciplinary action has been well settled." Id. at 23.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2543 CAS (PJWx) | Date | July 6, 2009 |
|---|---|---|---|
| Title | TODD LEWITT v. CITY OF HERMOSA BEACH, ET AL. | | |

    Defendants respond that equitable tolling does not apply to plaintiff's § 1983 claim in so far as it is based on his termination. Reply at 3. Defendants argue that they were not put on notice of plaintiff's First Amendment claim by his administrative appeal because plaintiff appealed his termination on the grounds that he did not commit any misconduct. Id. at 4.

    The Supreme Court enunciated the two-part test for qualified immunity in Saucier v. Katz, 533 U.S. 194 (2001). First, the court must answer the question: "Taken in the light most favorable to the party asserting the injury do the facts alleged show the officer's conduct violated a constitutional right?" Id. at 201. If so, the court must then consider whether the constitutional right was clearly established. Id. A right is clearly established only if "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Id. at 202.

    The Court concludes that plaintiff has properly stated a claim against defendants for retaliation for exercising his First Amendment rights, in violation of 42 U.S.C. § 1983. Plaintiff alleges that he spoke out on corruption in the police department, which is a matter of public concern, in his capacity as a private citizen. FAC ¶¶ 12-13; Posey v. Laek Pend Oreille School Dist. No. 84, 546 F.3d 1121, 1130 (9th Cir. 2008) ("[C]ommunication on matters relating to the functioning of government . . . [such as] misuse of public funds, wastefulness, and inefficiency in managing and operating government entities are matters of inherent public concern"). Plaintiff has also sufficiently alleged adverse employment action by alleging that he was terminated and denied employment opportunities.[2] Coszalter v. City of Salem, 320 F.3d 968, 975 (9th

---

[2] Defendants argue that insofar as plaintiff's § 1983 claim concerns the termination of his employment on November 7, 2005, it is barred by California's two year statute of limitations. However, the statute of limitations on plaintiff's claim may be equitably tolled while he was pursuing his administrative remedies. Kang v. U. Lim America, Inc. 296 F.3d 810, 819 (9th Cir. 2002) ("the statute of limitations on [plaintiff's] tort claim may be equitable tolled while he pursued his administrative remedies."). Plaintiff was pursuing his administrative remedies until he was officially reinstated on March 21, 2007, and he filed this suit on March 13, 2009. The Court cannot conclude that the statute of

(continued...)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2543 CAS (PJWx) | Date | July 6, 2009 |
|---|---|---|---|
| Title | TODD LEWITT v. CITY OF HERMOSA BEACH, ET AL. | | |

Cir. 2003) ("Various kinds of employment actions may have an impermissible chilling effect. Depending on the circumstances, even minor acts of retaliation can infringe on an employee's First Amendment rights."). Plaintiff has also alleged that his protected speech was a motivating factor in the adverse employment action. FAC ¶ 15. These allegations are sufficient to state a claim for violation of plaintiff's First Amendment rights pursuant to § 1983.

The Court further concludes that defendants are not entitled to qualified immunity. "Taken in the light most favorable to the party asserting the injury . . .the facts alleged show the officer[s'] conduct violated a constitutional right." Saucier, 533 U.S. at 201. Furthermore, at this stage of the proceedings, the Court cannot conclude that it would not "be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Id. at 202.

However, the Court concludes that in so far as his § 1983 claim relates to a denial of due process it should be dismissed because plaintiff fails to allege (1) how the City denied him due process; or (2) that he was entitled to due process.

### 2. Defendants the City and the Police Department

In Monell v. Dep't of Social Servs. of N.Y., the Supreme Court circumscribed the conditions under which liability may be imposed on a municipality for deprivation of a plaintiff's federal rights. 436 U.S. 658 (1978). There, the Supreme held that municipalities cannot be held liable under a respondeat superior theory. 436 U.S. at 691; see also Christie v. Iopa, 176 F.2d 1231, 1234-35 (9th Cir. 1999). Rather, "Congress intended to hold municipalities liable only when 'action pursuant to official municipal policy of some nature caused a constitutional tort.'" Christie, 176 F.2d at 1235 (quoting Monell, 436 U.S. at 694); Oviatt v. Pearce, 954 F.2d 1470, 1474 (9th Cir. 1992).

A violative policy need not be expressly adopted by the municipality; a

---

[2](...continued)
limitations bars plaintiff's claim in so far as it concerns his termination because the Court cannot conclude that defendant's appeal with the civil service commission did not put defendants on notice of his claim for retaliation.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2543 CAS (PJWx) | Date | July 6, 2009 |
|---|---|---|---|
| Title | TODD LEWITT v. CITY OF HERMOSA BEACH, ET AL. | | |

"longstanding policy or custom" may be sufficient to establish liability. Christie, 176 F.2d at 1235 (citing Gilette v. Delmore, 979 F.2d 1342, 1346 (9th Cir. 1992)). However, ordinarily, a single deprivation of a constitutional right is not sufficient to establish a "longstanding policy or custom." Id. (citations omitted). Nevertheless, a single deprivation may sufficiently constitute a "policy" in the following situations: (1) when the person causing the violation has final policymaking authority under applicable state law; (2) when the final policymaker ratified a subordinate's conduct; and (3) when "in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional right, that the policymakers of the city can be reasonably be said to have been deliberately indifferent to the need." Id. at 1240 (quoting City of Canton v. Harris, 489 U.S. 378, 390 (1989)).

Defendants argue that plaintiff's § 1983 claim should be dismissed as to the City and the Police Department because plaintiff has failed to plead a claim under Monell v. Department of Social Services, 436 U.S. 658, 690 (1978). Mot. at 6-7. Defendants contend that the complaint fails to sufficiently allege that the City and the Police Department deprived plaintiff of his constitutional rights pursuant to a local policy, practice, or custom. Id. at 7 (citing Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996)). Defendants argue that plaintiff's allegations regarding customs of (1) denying employees due process when they seek to challenge disciplinary actions; (2) retaliating against employees who invoke their First Amendment right to speak out on matters of public concern; and (3) denying employees appeal hearings, are conclusory and insufficient. Id. (citing City of Canton v. Harris, 489 U.S. 378, 385 (1989); Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

Defendants argue that plaintiff has not demonstrated (1) how the City denied him due process, or that he was even entitled to due process, when the City placed him on administrative leave and (2) that the frequency of the City's alleged conduct rose to the level of becoming policy. Mot. at 10. Defendants further argue that plaintiff was not subjected to any adverse employment action because being placed on administrative leave is not an adverse employment action. Mot. at 15 (citing Joseph v. Leavitt, 465 F.3d 87 (2d Cir. 2006); Singletary v. Mo. Dep't of Corr., 423 F.3d 886, 889 (8th Cir. 2005)). Moreover, defendants argue that plaintiff's speech was not a substantial or motivating factor in the City's decision to place plaintiff's on administrative leave. Id. at 13. Defendants contend that the City placed plaintiff on administrative leave only because he

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2543 CAS (PJWx) | Date | July 6, 2009 |
|---|---|---|---|
| Title | TODD LEWITT v. CITY OF HERMOSA BEACH, ET AL. | | |

refused to submit to a background investigation and medical examination. Id. Defendants further contend that plaintiff has failed to allege when he engaged in his allegedly protected speech relative to when the City placed him on administrative leave. Id. at 13-14.

Lastly, defendants argue that police departments are a department of the city and not a separate entity. Mot. at 22. Therefore, defendants argue, the police department should be dismissed from this suit as an improper party. Id. (citing Alcala v. City of Corcoran, 147 Cal. App. 4th 666 (2007); Colvin v. City of Gardena, 11 Cal. App. 4th 1270, 1279-80 (1992)).

Plaintiff responds that he has alleged that he has suffered adverse employment action and that there was a causal link between his protected activities and the adverse employment action. Opp'n at 14. Plaintiff contends that his allegations are sufficient to demonstrate liability under Monell. Id. at 15-16. Plaintiff argues that the actions taken against him were carried out "pursuant to the customs, and usages of the City and the Police Department and pursuant to a set pattern, practice and official policy of the City." Id. at 17. Plaintiff further argues that all of the complained of acts were ratified by a superior and undertaken by individuals "who were acting in decision-maker roles and who possessed final authority to establish municipal and official Police Department policy with respect to the employment actions." Id.

The test for resolving a public employee's First Amendment retaliation claim requires analysis of a five-step series of questions: (1) whether the plaintiff spoke on a matter of public concern; (2) whether the plaintiff spoke as a private citizen or public employee; (3) whether the plaintiff's protected speech was a substantial or motivating factor in the adverse employment action; (4) whether the state had an adequate justification for treating the employee differently from other members of the general public; and (5) whether the state would have taken the adverse employment action even absent the protected speech. Eng v. Cooley, 552 F.3d 1062, 1070 (9th Cir. 2009).

In its May 11, 2009 Order, the Court concluded that "plaintiff's § 1983 claim as to the City and the Police Department should be dismissed. Plaintiff alleges that defendants placed him on administrative leave, which does not constitute an adverse employment action in these circumstances." May 11, 2009 Order at 8. As discussed supra, plaintiff properly alleges a claim for retaliation for exercising his First Amendment rights, in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2543 CAS (PJWx) | Date | July 6, 2009 |
|---|---|---|---|
| Title | TODD LEWITT v. CITY OF HERMOSA BEACH, ET AL. | | |

violation of 42 U.S.C. § 1983. The Court concludes that plaintiff has sufficiently pled a claim against the City and the Police Department under Monell by alleging that the individual defendants acted "pursuant to the customs, and usages of the City and the Police Department and pursuant to a set pattern, practice and official policy of the City." Whitaker v. Garcetti, 486 F.3d 572, 581 (9th Cir. 2007) ("In this circuit, a claim of municipal liability under [§] 1983 is sufficient to withstand a motion to dismiss even if the claim is based on nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom, or practice") (internal citations omitted).

Furthermore, the Court cannot conclude that the Police Department should be dismissed or stricken as an improper party because it is a department of the City. The cases cited for this proposition by defendants are inapposite because they address relationship between cities and police departments under specific statutes that are inapplicable here. See Alcala v. City of Corcoran, 147 Cal. App. 4th 666 (2007); Colvin v. City of Gardena, 11 Cal. App. 4th 1270, 1279-80 (1992).

### C. Motion for a More Definite Statement

The Court concludes that defendants' motion for a more definite statement should be denied because plaintiff's allegations are not "so vague or ambiguous that [defendants] cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).

### V. CONCLUSION

In accordance with the foregoing, the Court hereby DENIES defendants' motion to dismiss plaintiffs' fourth claim for violation of his First Amendment rights pursuant to 42 U.S.C. § 1983. The Court further DENIES defendants' motion to strike and motion for a more definite statement.

The Court GRANTS defendants' motion to dismiss plaintiff's second claim for violation of the POBR as to the individual defendants. The Court further GRANTS defendants motion to dismiss plaintiffs' fourth claim for violation of his due process rights pursuant to 42 U.S.C. § 1983 with thirty days leave to amend.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2543 CAS (PJWx) | Date | July 6, 2009 |
|---|---|---|---|
| Title | TODD LEWITT v. CITY OF HERMOSA BEACH, ET AL. | | |

IT IS SO ORDERED.

|  |  | 00 | : | 05 |
|---|---|---|---|---|
|  | Initials of Preparer | | CMJ | |