Melanie M. Poturica, Bar No. 91279
mpoturica@lcwlegal.com
Connie C. Almond, Bar No. 239513
calmond@lcwlegal.com
LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, Suite 500
Los Angeles, California 90045
Telephone: (310) 981-2000
Facsimile: (310) 337-0837

Attorneys for Defendants
City of Hermosa Beach, Hermosa Beach Police
Department and Michael Lavin

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD LEWITT,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF HERMOSA BEACH, HERMOSA BEACH POLICE DEPARTMENT; MICHAEL LAVIN; GREGORY SAVELLI, THOMAS ECKERT, THOMAS BOHLIN, STEPHEN BURRELL, MICHAEL EARL, CHARLES SANDOVAL, DOES 1-20, INCLUSIVE,<br><br>Defendants. | Case No. CV-09-2543 CAS (PJWx)<br><br>Assigned To Judge Christina A. Snyder<br>Courtroom: 5<br>Complaint Filed: March 13, 2009<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR REVIEW OF MAGISTRATE JUDGE'S RULING RE: SETTLEMENT**<br><br>[Proposed] Order and Declaration of Melanie Poturica filed concurrently herewith]<br><br>Date: August 30, 2010<br>Time: 10:00 a.m.<br>Courtroom: 5 |

TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on August 30, 2010, at 10:00 a.m. or as soon thereafter as the matter may be heard in Courtroom 5 of the above-entitled Court, Defendants CITY OF HERMOSA BEACH, HERMOSA BEACH POLICE

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045

1   DEPARTMENT AND MICHAEL LAVIN ("Defendants") will bring this Motion

2   to Review the Magistrate Judge's Ruling Regarding Settlement under Local Rule

3   72-2.1.

4   On June 17, 2010, as a result of a settlement conference with the Judge

5   Walsh, the parties entered into a tentative settlement subject to approval by the

6   City Council.  The parties had a misunderstanding as to what claims Plaintiff

7   would be releasing.  The City Council refused to approve the settlement without a

8   full release of all claims, and Plaintiff would only agree to release the claims

9   contained in his complaint.

10   The parties presented the issue to the Judge Walsh.  On July 21, 2010, Judge

11   Walsh ruled that the parties had settled the matter without a full release and the

12   Court would enforce the order regarding the settlement.

13   This Motion is based on the grounds that the settlement was at all times

14   subject to approval by the City Council. As the City Council did not approve the

15   settlement without a full release, Defendants respectfully object to Judge Walsh's

16   ruling requiring the parties to settle for the negotiated amount without a full

17   release.  Defendants respectfully request that this Court vacate the July 21, 2010

18   order requiring the parties to settle this matter.

19   This Motion is based on this Notice, the Memorandum of Points and

20   Authorities, as well as such oral and documentary evidence as may be presented at

21   the time of the hearing on this Motion.

22   Dated: August 4, 2010          LIEBERT CASSIDY WHITMORE

24          By: _____/s/_____
25                 Melanie M. Poturica
               Connie C. Almond
26                 Attorneys for Defendants
               City of Hermosa Beach, Hermosa
27                 Beach Police Department and
               Michael Lavin

433307.1 HE050-051          - 2 -     Notice Of Motion And Motion For Review of
                                 Magistrate Judge's Ruling re: Settlement

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION/STATEMENT OF FACTS

On March 13, 2009, Plaintiff TODD LEWITT ("Plaintiff") sued Defendants CITY OF HERMOSA BEACH ("City") and MICHAEL LAVIN (collectively "Defendants"), by and through the Hermosa Beach Police Department, ("Department") for alleged violations of state and federal law.

On June 17, 2010, the parties attended a settlement conference with Magistrate Judge Patrick Walsh. The parties negotiated a tentative settlement of this matter subject to approval by the City Council and the City's risk management pool. (Dkt. No. 105: Transcript of Settlement Conference, 13:10-13, 16:5-9, 17:17-20, 18-8:16.) On June 22, 2010, in closed session, the City Council agreed to settle the matter for the negotiated amount in believing that there would be a full release of all of Plaintiff's actual and potential claims prior to the date of the settlement agreement. (Declaration of Melanie M. Poturica ("Poturica Decl."), ¶ 3.) Defendants subsequently sent Plaintiff a draft settlement agreement including the full release. (Poturica Decl., ¶ 4.)

A dispute then arose between the parties regarding whether the settlement would be for a full release of all Plaintiff's claims prior to the date of the settlement agreement, or a release of only those claims contained in Plaintiff's complaint. (Poturica Decl., ¶ 5.) Plaintiff refused to settle the matter for the negotiated amount with a full release. (Poturica Decl., ¶ 5.)

On July 21, 2010, the parties had a conference call with Judge Walsh to resolve the parties' dispute. Although Plaintiff's counsel asserted that Plaintiff had no outstanding potential claims against Defendants, Plaintiff refused to settle the case with a full release. Judge Walsh ruled that the parties had agreed at the settlement conference to settle only the claims contained in Plaintiff's Complaint. (Dkt No. 107; Poturica Decl., ¶ 6.) Consequently, regardless of the fact that the City Council would not settle the matter without a full release, he was going to

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045

433307.1 HE050-051

Notice Of Motion And Motion For Review of
Magistrate Judge's Ruling re: Settlement

1   enforce the settlement. (Poturica Decl., ¶ 6.)

2        On July 27, 2010, there was another closed session regarding the settlement

3   of this case in light of Judge Walsh's ruling. The City Council refused to settle the

4   case without a full release. (Poturica Decl., ¶ 8.)

5        On July 28, 2010, Defendants notified Plaintiff's counsel of the City

6   Council's decision. Plaintiff's counsel subsequently responded that Plaintiff would

7   settle the matter with a full release for $35,000 in addition to the negotiated

8   amount. (Poturica Decl., ¶ 9.)

9        Because any settlement was always subject to approval by the City Council

10  and there was no meeting of the minds as to the terms of the settlement,

11  Defendants respectfully request the Court vacate Judge Walsh's order enforcing

12  the settlement.

13  **II.    STANDARD OF REVIEW**

14       Under Federal Rules of Civil Procedure Rule 72(a), a party may file

15  objections to a magistrate judge's non-dispositive order within 14 days, and "[t]he

16  district judge to whom the case is assigned shall consider such objections and shall

17  modify or set aside any portion of the Magistrate Judge's order found to be clearly

18  erroneous or contrary to law." Fed. R. Civ. P. 72(a). Local Rule 72-2.1 sets forth

19  the same standard. The Magistrate Judge's legal conclusions are freely reviewable

20  *de novo* to determine whether they are contrary to law. *See United States v.*

21  *McConney*, 728 F.2d 1195, 1200-01 (9th Cir. 1984), *overruled on other grounds,*

22  *Estate of Merchant v. C.I.R .*, 947 F.2d 1390 (9th Cir. 1991).

23  **III.   THE MAGISTRATE JUDGE ERRED BY RULING THAT THE**
          **SETTLEMENT WAS ENFORCEABLE BECAUSE THERE WAS NO**
24        **MEETING OF THE MINDS.**

25       "A settlement with open material terms … is not a settlement at all because,

26  like all contracts, it is not binding until the settling parties agree on all its material

27  terms. (*Levitz v. The Warlocks* (2007) 148 Cal.App.4th 531, 535 (internal citation

28  omitted).) A district court may enforce only complete settlement agreements.

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045

- 4 -

1    *Callie v. Near* (9th Cir. 1987) 829 F.2d 888, 890. A district court cannot enforce a

2    settlement where material terms are in dispute because there has been no meeting

3    of the minds. *Id.* at 891.

4          Here, the Court cannot enforce a settlement because the parties did not agree

5    on a material term of the settlement – specifically whether Plaintiff would release

6    all potential claims or only the claims contained in his complaint. This term is

7    material as the parties' potential settlement has been foreclosed because of the

8    dispute over the scope of Plaintiff's release.

9          The City Council only agreed to settle the matter in exchange for a full

10   release of all potential claims. As there was no meeting of the minds regarding the

11   scope of Plaintiff's release, there is no settlement for the Court to enforce.

12   **IV.   THE MAGISTRATE JUDGE ERRED BY RULING THAT THE**

13   **SETTLEMENT WAS ENFORCEABLE BECAUSE THE CITY
     CANNOT ENTER INTO ANY SETTLEMENT AGREEMENT**

14   **WITHOUT CITY COUNCIL APPROVAL.**

15         During the June 17, 2010 settlement conference, Defendants were explicit

16   that any settlement would be subject to approval by the City Council. Judge Walsh

17   acknowledged this requirement on the record four times. (Dkt. No. 105, p. 13:10-

18   13, 16:5-9, 17:17-20, 18:8-16.) Judge Walsh specifically said to City Manager

19   Steve Burrell, "And I understand you're the city manager and the city council is

20   the one that approves this, but you are going to recommend that they accept this;

21   am I right?" Burrell responded, "Yes, I am." And Judge Walsh said, "That's all I

22   ask." (Dkt. No. 105, p. 16:5-9.)

23         Judge Walsh also said, "Mr. Burrell..., same deal...once you agree to this

24   settlement, the Court enters an order. **If the city council doesn't approve it...,**

25   **we'd be in a different posture. But assuming that it's approved, you're**

26   **required to settle...**" (Dkt. No. 105, p. 18:8-16.) Consequently, the record is

27   clear that the settlement was subject to approval by the City Council and, without

28   Council approval, there was no settlement.

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045

Notice Of Motion And Motion For Review of
Magistrate Judge's Ruling re: Settlement

1   Furthermore, a general law city, like the City of Hermosa Beach, may be
2   held liable on a contract only if the contract is in writing, approved by the city
3   council, and signed by the mayor or by another city officer designated by the city
4   council in an ordinance. (*G.L. Mezzetta, Inc. v. City of American Canyon* (2000)
5   78 Cal.App.4th 1087, 1093; *Authority for California Cities Excess Liability v. City*
6   *of Los Altos* (2006) 136 Cal.App.4th 1207, 1212; Gov. Code, § 40602.)
7   Accordingly, there can be no settlement without City Council approval and the
8   Council refused to settle without a full release.

9   **V.    CONCLUSION**

10   For the foregoing reasons, Defendants respectfully object to the Judge
11   Walsh's July 21, 2010 order with respect to the scope of Plaintiff's release and
12   request that this Court vacate the July 21, 2010 order requiring the parties to settle
13   this matter.

14

15   Dated:  August 4, 2010                LIEBERT CASSIDY WHITMORE

16

17                                        By:_____/s/_____
18                                           Melanie M. Poturica
                                             Connie C. Almond
19                                           Attorneys for Defendants
                                             City of Hermosa Beach, Hermosa
20                                           Beach Police Department and
                                             Michael Lavin
21

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045

433307.1 HE050-051

Notice Of Motion And Motion For Review of
Magistrate Judge's Ruling re: Settlement